## 5084. ROME RAILWAY & LIGHT COMPANY
### v. LANSDELL.

In the trial of an action against a street-railway company for damages for the homicide of the plaintiff's husband, alleged to have been caused by the negligence of the defendant's motorman in running a car at excessive speed, it was error, requiring the grant of a new trial, to admit evidence tending to show that other motormen, in charge of other cars of the defendant, had operated those cars at the place where the plaintiff's husband was killed, at an excessive rate of speed, and on a former occasion came very near running over some children at that place.

DECIDED NOVEMBER 25, 1913.

Action for damages; from city court of Floyd county—Judge Reece. June 28, 1913.

*Dean & Dean, J. M. Hunt,* for plaintiff in error.

*Seaborn & Barry Wright,* contra.

ROAN, J. Mrs. W. S. Lansdell sued the Rome Railway & Light Company for damages, for the killing of her husband, who was killed by being struck by one of defendant company's cars while crossing the track of the company at a public crossing in the City of Rome. The petition alleged that he was in the exercise of all ordinary and reasonable care and caution, and that his death resulted through the negligence of the defendant's motorman in running the car recklessly and at excessive speed, and at a rate of speed greater than that allowed by ordinances of the City of Rome. The defendant, in its answer, denied all the material allegations of the plaintiff, and in addition thereto pleaded that the ordinances of the City of Rome, alleged to have been violated in the running of the defendant's cars at the time of the homicide, were unreasonable and invalid, in so far as they applied to the running of its cars at the place of the homicide. The trial of the case resulted in a verdict in favor of the plaintiff. The defendant excepts to the overruling of its motion for a new trial. The motion was based on the usual general grounds, and on several additional grounds, one of which was as follows: "Because the following evidence of witness A. P. McGinnis was illegally admitted by the court over the objection of movant, to wit: Q. What was the usual way the cars ran at that place? A. Sometimes they ran pretty slow, and sometimes pretty fast. Q. Did you ever make any protest to Mr. Arnold, the superintendent of the car line here, as to the rapidity with which that car was run along there? A. Yes, sir. Q. Was that before Mr. Lansdell was killed? A. About six weeks before he was killed. Q. What did you say to him? A. The reason I said anything to him was, they came near getting some children there one day, came in a hair's breadth of it, coming from the store south. Q. The same direction they were running that night? A. Yes, sir. Q. What did you say to him? A. I told him I saw a narrow escape with some children, that they were running too fast, and he says, 'Make a case against the motorman and conductor,' and I says 'I will not do it, it is your business to instruct your men.' Q. What did he say to you then? A. He never said anything; he

treated me with indifference and walked off." The defendant objected to the admission of this testimony, on the grounds that it was irrelevant, immaterial, and incompetent, and that there were no pleadings to authorize it.

Unless this evidence could illustrate the reasonableness or unreasonableness of the city ordinance in question, it was clearly inadmissible. It is impossible, in looking through this record, for us to arrive at the conclusion that this evidence could have been of any material value to the jury in reaching a conclusion on the issues involved. It will be noted that the answer to the first question was that "Sometimes they ran pretty slow, and sometimes pretty fast." Whether the witness made any protest to Mr. Arnold, the superintendent of the car company, as to the rapidity with which cars were run along there, throws no light on the question whether the cars should or should not have run rapidly. As to coming in a hair's breadth of running down some children there one day, running in the same direction they were running that night, this furnishes no light on the question. The only possible effect that this evidence could have produced on the minds of the jury was a prejudicial one against the defendant company, as it was calculated to create the impression that the agents of the defendant were habitually reckless and careless and operated the cars without regard to human safety. As justifying the court in admitting this evidence we are cited by the defendant in error to the case of *Savannah, Florida & Western R. Co.* v. *Flannagan,* 82 *Ga.* 579 (9 S. E. 471, 14 Am. St. R. 183). An examination of that case will show that Chief Justice Bleckley, in rendering the opinion of the Supreme Court, expressed doubt as to the admissibility of the evidence there objected to. This evidence showed the high speed with which the same engine was habitually run by the same engineer at the same place. Judge Bleckley said that this evidence "was of doubtful admissibility. The authorities on the question conflict. . . Upon so doubtful a question we think the court did not err in admitting the evidence." But in the case at bar the evidence objected to fails to show that it was the same motorman or the same car and the same place, or that the company habitually ran its cars in a certain way; the testimony is by no means so strong or pertinent as that excepted to in that case. So upon the whole we conclude there was harmful error in admitting it. See

also *Atlanta & West Point R. Co.* v. *Newton*, 85 *Ga.* 517 (11 S. E. 776), and *Central R. Co.* v. *Kent*, 87 *Ga.* 402-408 (13 S. E. 502).

There being evidence in this case which would have justified the verdict, the relative diligence and care of plaintiff's husband and the defendant company being a question for the jury, we would let it stand, but for the error in admitting this testimony, which may have played an important part in affecting the decision of the jury. See *Town of Pelham* v. *Pelham Telephone Co.*, 131 *Ga.* 325 (62 S. E. 186); *Ga. R. & Banking Co.* v. *Walker*, 87 *Ga.* 204 (13 S. E. 511); *Southern Ry. Co.* v. *O'Bryan*, 112 *Ga.* 127 (37 S. E. 161); *Pullman Co.* v. *Schaffner*, 126 *Ga.* 609 (55 S. E. 933, 9 L. R. A. (N. S.) 407).

Other than as above indicated, there was no material error in the trial.       *Judgment reversed.*