MILLS, Respondent, v. DAKOTA POWER COMPANY, Appellant.

(184 N. W. 261.)

(File No. 4912.    Opinion filed August 31, 1921.    Rehearing denied November 22, 1921.)

1.  **Negligence—Damages From Auto Collision With Motor Truck Near Corner—Plaintiff on Right Side, Defendant on Wrong Side of Street, Whether Contributory Negligence—Rights of Way, Rule.**

    Where plaintiff was driving his auto southward along the right side of a street, intending to turn to the right at an intersection, and defendant truck driver driving eastward along the left side of the cross street, and when nearing the corner swung toward the center of said street and then suddenly turned somewhat to his left as plaintiff came around the corner toward him, a collision occuring a short distance beyond the corner; plaintiff testifying that when he observed the truck swinging to its right he thought the driver thereof intended to continue eastward beyond the corner, but that when the truck again turned to left he thought it intended turning up the north and south street; held, there being some conflict in the evidence, but which conflict was by verdict for plaintiff resolved in his favor, it was immaterial whether the truck driver intended continuing eastward on the cross street or intended turning up the other

street, since in either case, plaintiff was entitled to the right of way on the right side of both streets over the course he intended to go, and also by law of road traveling where he had a right to be, while defendant's truck as related to plaintiff was where it had no right to be and no right of way as against plaintiff.

2. Same—Statutes Re Drivers Approaching Intersections, Or on Traveled Road, City Ordinance Re, Effect Re Rules of Road.

Under Laws 1919, Ch. 267, Sec. 1, providing that drivers of motor vehicles approaching street or highway intersection shall grant right of way thereat to any vehicle approaching intersection from his right, that every such driver turning into another street or highway to the right shall turn corner as near right hand boundary as possible, and that every such driver turning into another street or highway to left, shall before turning pass, when possible, to the right and beyond center of intersection; and Sec. 8632, Code 1919, providing that whenever one person meets another on any bridge or road traveled by wagon, etc., each shall pass to right of middle of traveled part of * * * the road, so that respective vehicles may mutually pass without interference; and a city ordinance, not in conflict with any state statute, providing that any vehicle driver in the city of R shall as far as possible keep to right of center line of street along which he is traveling; held, that plaintiff who was traveling along the right side of a street intending to and who did turn an intersection with a cross street to the right, was at all times observing rules of road, and was not bound to apprehend he would find defendant's approaching truck on the left side of the cross street, since plaintiff had right of way also on that side of latter street, and if defendant had been observing rules and had been on side of cross street to his right, collision would not have occurred; that had it been plaintiff's intention to continue across the intersection on the street he was traveling, his duty would have been to have given defendant's truck right of way, but, not so intending, was not bound to consider defendant's right to right of way at the intersection, since the route plaintiff intended to take did not interfere with defendant's right of way to continue along the cross street had he been where he should have been.

3. Same—Truck Driver on Wrong Side of Street, Right in Absence of Other Vehicles, But Duty to Apprehend Another Vehicle—Correct Instruction.

Although defendant's truck, in absence of other vehicles, might properly have been moving on the left side of the street on which it was being driven, still it was driver's duty to apprehend probability of another vehicle, having right of way, turning into that side of street in front of him from a cross street,

and which would have required him to cross onto right side of street and give the other the right of way; and, court having properly instructed most favorably to appellant, that a motor driver approaching street on highway intersection shall grant right of way thereat to any vehicle approaching such intersection from his right, but that if plaintiff was turning to the right at the intersection into the side street, and defendant's truck at time of accident was turning to the left to enter the side sreet along which plaintiff had been traveling, then the law of intersections would not apply, and otherwise instructed according to the rules of the road; verdict for plaintiff was sustained by the evidence under the instruction given.

Whiting, J., not sitting.

Appeal from Circuit Court, Pennington County. Hon. James McNenny, Judge.

Action by Chester M. Mills, against the Dakota Power Company, a corporation, to recover damages to plaintiff's auto resulting from a collision with a truck by reason of the alleged negligence of defendant's driver. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Bangs & Wood,* and *Thomas E. Eastman,* for Appellant.

*Schrader & Lewis,* for Respondent.

(1)  To point one of the opinion, Respondent cited: Foote v. Am. Products Co. 49 L. R. A. 764; Schnabel v. Kafer, 39 S. D. 70, 162 N. W. 935.

(2)  Under point two, Appellant submitted that: Law of Intersections applies alike to one seeking to cross intersecting street, and to one merely turning into it from the other street; and cited: Alamo Iron Works v. Prado (Tex.) 220 S. W. 282; that statute does not warrant driver in taking chances; if he sees vehicle approaching from right, and near enough for reasonable apprehension of danger of collision if both proceed, his duty is to yield right of way; citing: Gibbs v. Armstrong (Minn.) 176 N. W. 173; that Sec. 8632, Code 1919, does not apply when one vehicle is passing along one street and another is turning into such street from cross street; citing: Elliott on Roads & Streets, page 618; Lovejoy v. Dolan, 64 Mass. (10 Cush.) 495.

Respondent submitted that: Neither said ordinance nor Ch. 267, Laws 1919, applies to case at bar, since accident did not occur at intersection, but going away from it.

(3)   To point three, Respondent cited:   R. C. L. 274.

McCOY, J.   Action to recover damages to an automobile resulting from a collision with a truck by reason of the alleged negligence of the driver of said truck.   From a verdict and judgment in favor of plaintiff, defendant appeals.

The vital question presented is whether the evidence is sufficient to sustain the verdict under the instructions of the court, appellant's contention in substance being that, measured by the instructions given, the verdict should not be permitted to stand, for the reason there was no evidence whatsoever of negligence on the part of appellant, while on the contrary respondent was by the undisputed evidence shown to be guilty of contributory negligence of such a character as would preclude plaintiff from a recovery, that appellant, as a matter of law, had the right of way at this street intersection, and that respondent was at fault in not observing it.   The record in substance shows the following facts: That the collision took place at or near the intersection of Ninth and South streets in the city of Rapid City, at a time when both vehicles were moving at a moderate rate of speed; that the following plat shows the relative position in the traveled portion of said streets of the course or path pursued by each of said vehicles immediately prior to the collision:

[1]   Plaintiff was traveling southward on the right side of Ninth street, and, desiring to turn and go west on South street, made the turn with his car wholly on the right side of the center

line of the said streets, and was proceeding westward on South street when the collision occurred. Defendant's truck was traveling eastward on the left side of South street, and as he approached Ninth street said truck swung out towards and on the center line of South street. Both vehicles were to the north and right of the center line of South street at the time of the collision. The driver of defendant's truck testified that he did not intend turning north up Ninth street, but intended to continue eastward on South street. Respondent testified that when he first observed the truck swinging out toward the center of South street he thought it was the intention of the driver of the truck to continue eastward on South street, but when said truck took a turn towards the north side of said street he then thought it intended turning up Ninth street. There was some conflict in the evidence as to the condition of the road, some conflict as to the exact location of the collision, and some conflict as to conversations of the drivers of said vehicles immediately after the collision. Whatever conflict there may be in the evidence, by the verdict of the jury, has been resolved in favor of plaintiff. As we view the evidence, it is immaterial whether the driver of the truck intended continuing eastward on South street or intended turning up Ninth street, as in either case respondent was entitled to the right of way on the right side of both streets over the course he intended to go. The respondent was, by the law of the road, at all times traveling in a place where he had a right to be, and where he had the right of way. Under the law of the road, defendant's truck, as far as it related to respondent, was at all times in a place where it had no right to be, and where it had no right of way as against respondent.

[2, 3]   Section 1 of chapter 267, Laws 1919, so far as applicable to the evidence of this case, provides that—

"Every driver of a motor vehicle approaching the intersection of a street or highway shall grant the right of way at such intersection to any vehicle approaching such intersection from his right; * * * every driver of a motor vehicle turning into another street or highway to the right shall turn the corner as near the right-hand boundary of the road as possible.. * * * Every driver of a motor vehicle turning into another street or highway to the left shall, before turning, pass, wherever possible, to the right

and beyond the center of the intersection of the two streets or highways."

Section 8632, Code 1919, provides:

"Whenever one person shall meet another on any bridge or road, traveled by wagon, carriage, sled or other vehicle, each shall pass to the right of the middle of the traveled part of such bridge or road, so that the respective vehicles may pass each other without interference."

A city ordinance, not in conflict with any state statute, provides that—

"A driver of any vehicle in the city of Rapid City shall as far as possible keep to the right of the center line of the street along which he is traveling."

Under these provisions of the general statute, and the city ordinance, respondent was at all times observing the rules of the road. Respondent had the right to turn said corner as he did, and had no duty to apprehend that he would find the truck of appellant on the left side of South street. Respondent had the right of way on the right side of Ninth street going southward, and also had the right of way on the right side of south street going westward. If appellant had been observing the rules of the road and had been on the right side of the center of South street going eastward, this collision would never have occurred. If respondent had intended continuing southward on Ninth street, it then would have been his duty to have given defendant's truck the right of way, but respondent, not intending to so continue southward across South street, was not required to take into consideration the appellant's right to the right of way at such street intersection as the route intended to be taken, and which was taken by respondent, would in no manner interfere with appellant's right of way to continue eastward on South street, if appellant had been where he should have been in going eastward on South street. Although the truck of appellant in the absence of other vehicles, might properly have been moving on the left side of South street in going eastward, still it was the duty of the driver of the truck to apprehend the probability of another vehicle, having the right of way, turning into that side of the street in front of him from a cross street, and which would have immediately required the truck so headed eastward to cross over on to

the right side of South street and give the right of way to such other vehicle. The instruction given correctly stated the law of the road, and was most favorable to appellant, if the jury found respondent at fault. We are of the opinion the verdict was sustained by the evidence under the instruction given.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

WHITING, J., not sitting.