BERTSCHY, Appellant, vs. SENG, Respondent.

*October 18—November 13, 1923.*

*Automobiles: Law of the road: Right of way at street intersections:
How determined.*

1. In an action for damages for injuries growing out of a collision of automobiles on a highway, an instruction as to the right of way which a vehicle coming from the right at an intersection of any street or highway has over one coming from the left, which followed the language of sub. 1, sec. 1636—49, Stats. 1921, is erroneous when followed by an additional statement that "the rule has no application where the driver of the vehicle approaching another from the left is, in the exercise of ordinary care, already crossing the place of intersection before the other vehicle has arrived at the intersection."

2. The point which must be considered in determining whether said sub. 1, sec. 1636—49, Stats. 1921, has been complied with, is the point which—if neither vehicle yields to the other and each pursues its respective course—each will reach at the same instant of time.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Plaintiff was injured while in an automobile being driven by her brother towards Milwaukee southeasterly on the Fond du Lac road, by a collision with defendant's automobile in which he was riding and then driven by his son under his directions. Defendant was proceeding to the

west on the Silver Springs or County Loop road, which is crossed by the Fond du Lac road diagonally. The view of each driver of the other was unobstructed for a considerable space. The cars collided west and south of the center lines of the respective roads.

A special verdict was submitted to and answered by the jury in the civil court of Milwaukee county, where the action was tried, substantially as follows:

1. Defendant's son and driver did not fail to exercise ordinary care.

3. No contributory negligence by plaintiff.

4. Plaintiff's damages $750.

Motions were made by the respective parties after verdict and the civil court directed judgment in favor of the defendant. On appeal the circuit court affirmed such judgment, and the plaintiff appeals.

For the appellant there was a brief by *Schoetz & Williams* and *Alfred R. Gandrey,* all of Milwaukee, and oral argument by *Clifton Williams.*

For the respondent the cause was submitted on the brief of *Lines, Spooner & Quarles* of Milwaukee.

ESCHWEILER, J. The appellant submits on this appeal two propositions:

First, that there was negligence as a matter of law by defendant's driver in the management of his car at the time of the collision, and that such was a proximate cause of plaintiff's injury, and that the verdict of the jury to the contrary should have been set aside and judgment for plaintiff ordered.

Second, that a portion of the charge to the jury was erroneous and prejudicial.

On the first it is urged that under the testimony of defendant and his witnesses there was shown the violation of one or more of three specific provisions of the law of the

road as found in sec. 1636—49, Stats., and therefore negligence as a matter of law, viz.: in that defendant's driver drove the automobile recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic, and use of the highways and the general and usual rules of the road; or failed to reduce the speed of defendant's car at the intersection of the two highways to such a rate as will tend to avoid danger of accidents; or failed to yield the right of way to the driver of plaintiff's automobile.

A consideration of the evidence in this case convinces us that as to none of these alleged violations of the duty of the defendant's driver in operating the automobile was there such a showing made as required a holding as matter of law that there was negligence by him proximately causing the plaintiff's injury. The situation here presented was one clearly within the province of the jury to determine and we can see no grounds upon which their determination can be set aside.

The trial court in charging the jury used the following language taken from a sentence in sub. 1, sec. 1636—49, Stats.:

"At the intersection of any public street or highway with any other public street or highway of this state, the operator or driver of any vehicle shall have the right of way over the operator or driver of any other vehicle approaching him on such cross street or highway from the left. . . ."

The court then added to such statutory phrase just quoted the following language, which is not, however, contained in the statute, to wit:

"The rule has no application where the driver of the vehicle approaching another from the left is, in the exercise of ordinary care, already crossing the place of intersection before the other vehicle has arrived at the intersection of such streets."

To the use of such additional clause the plaintiff duly excepted and we deem the exception well taken.

The precise point in the highways at which such duty arises, or within what distance from any such point the vehicles must be in order to first come within the statutory regulation, is not fixed by this statute.

The "intersection" of a public highway with any other public highway might be considered to be that of the one highway as a whole compared with the other highway as a whole; it may be at any one of the side lines of one highway when crossing the side lines of the other; or again, it may be the intersection points of the centers of the respective highways. As it now stands and reads, it does present difficulties when attempted to be applied literally to the many and various situations that arise on the public highways. But it is of little or no value in many instances if it is to be limited as was done in the instant case by the phrase here questioned.

The trial court by its addition of the above quoted clause evidently construed this statute as fixing the intersection point of the centers of the highways to be the controlling point, and further construed it to mean that when a vehicle approaching from the left has passed the center line of the highway it was approaching or crossing, then the statutory duty of yielding the right of way has also passed.

We cannot so regard it in view of the reason for and purpose of such safety statute so evidently directed at guarding against the dangers of collisions, not so much at any particular spot in a highway considered merely as a highway, but at the particular spot which—if neither vehicle yields to the other and each continues in the path it is then pursuing— each will reach at the same instant of time.

We deem it our duty to give such a statute a construction that will make it reasonable, practical, and applicable under all situations on public highways where vehicles are about

to cross each other's path, a construction which will be as applicable where such highways cross diagonally as where at right angles; where one may be much broader than the other; or where one highway but runs into and does not cross the other; a construction which will meet the many instances where proper driving may require that neither vehicle cross the intersection spot of the centers of the highways at all, or where one or both shall continue on the right-hand side of the highway on which such respective vehicles are traveling.

The point, therefore, which must be regarded as the one from which the question as to whether the statutory requirement has been complied with must be determined is the point of intersection of the paths of the respective vehicles rather than any fixed particular spot in such highways.

We hold, therefore, that this statute must be so construed to require that, as the respective vehicles approach and within a reasonable distance from such future crossing point of their paths on a public highway or highways, the driver of the automobile approaching from the left must yield the right of way to the other vehicle. *Gibbs v. Almstrom*, 145 Minn. 35, 176 N. W. 173.

Such duty to yield the right of way under all circumstances where the paths of the respective vehicles are about to pass is made an absolute one by the statute here before us, and in collision cases the question as to whether or not it has been complied with becomes a question of fact for determination by either court or jury.

Though as now held the instruction excepted to was erroneous, nevertheless under the facts of this case we are satisfied that the result reached by the judgment was the proper one and works no injustice, and we cannot do otherwise than affirm.

*By the Court.*—Judgment affirmed.