BLASENGYM *v.* GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED.

[No. 13,159. Filed February 20, 1929. Rehearing denied May 28, 1929. Transfer denied July 3, 1929.]

*Frank A. Bruce* and *Richard L. Ewbank,* for appellant.
*Frank Mellis,* for appellee.

ENLOE, C. J.—April 21, 1926, Dr. John F. Riggs was driving an automobile owned by him, east on St. Clair street, in the city of Indianapolis. The appellee herein was the insurance carrier on said automobile. The appellant is an undertaker and also operates an ambulance service in said city. As Dr. Riggs was driving east on St. Clair street, a servant of appellant was driving an automobile, used for an ambulance, north on New Jersey street, in said city. These streets intersect at right angles, so that the car being driven by the servant of appellant was approaching said intersection to the right of Dr. Riggs. The two cars came into collision at the intersection of these two streets, and the Riggs car sustained damage which was paid by the appellee, as the insurance carrier, and it then brought this action against the appellant to recover, as damages, the money so paid, alleging that the said collision and damage were caused

by the negligence of appellant's said driver. A trial resulted in a verdict and judgment for the appellee, from which this appeal is prosecuted, the specific errors relied upon and presented being the giving of certain instructions.

The appellee insists that the instructions are not in the record for the reasons: (1) That the bill of exceptions containing the instructions was signed by the judge *pro tempore* before whom the case was tried, after the term for which he had been appointed had expired; and (2) that these instructions were not called for by the praecipe to the clerk for the transcript of the record in this case.

As to this last contention: The *praecipe* to the clerk requested that he prepare a transcript for use on appeal, and that he "include therein all papers and pleadings filed and on file, the order-book entries of all orders and rulings," etc. The bill of exceptions on the instructions was one of the papers on file in the case, and was, as such, properly included in said transcript. We, therefore, conclude that this contention is not well taken.

As to the authority of said judge *pro tempore* to sign said bill of exceptions, this is a matter governed by statute. The act creating the municipal courts (Acts 1925 p. 457, §25, §1748 Burns 1926) provides, "Upon application made at any time within thirty days after the entry of any final order or judgment, or within such further time as may . . . be allowed by the court, it shall be the duty of the judge by whom such final order or judgment was entered to sign and place on file in the case . . . a bill of exceptions," etc. The bill of exceptions herein having been duly signed and placed on file in the case by the judge who tried the cause and entered the judgment therein, we

hold that appellee's contention in this behalf is not well taken.

Upon the trial of the case, the court gave to the jury the following instruction: "The court instructs you that every motor vehicle traveling upon the public highway has the right of way over all other motor vehicles approaching along an intersecting highway from the left, but if the motor vehicle approaching from the left *arrives at the street intersection first, then it has the right of way over vehicles approaching from the right.*" (Our italics.) This instruction is challenged as not being a correct statement of the law, and this challenge is, we think, well founded. The right of way given to the driver approaching from the right is not an absolute one, neither is the fact of which driver arrives *first* at the intersection of the streets (considering this as a point in the line of the curb) necessarily of controlling influence. In disposing of this case, we need not decide whether the "intersection" mentioned in the statute means the intersection at the line of the curb, or means the point where the two lines upon which the approaching machines are traveling intersect, as was held in the case of *Bertschy* v. *Seng* (1923), 181 Wis. 643, 195 N. W. 854. We do not think that the section of the statute herein involved (§10154 Burns 1926) should be given the construction given to it by the trial court; i. e., that the right of the one reaching the intersection of the streets or highways first is an absolute right. This statute was enacted as a safety measure, to guard against the danger of collision between automobiles at intersecting highways, and the point where the danger lies, where the collision will take place if both drivers hold to their respective lines of travel and continue to move forward, is the point where their respective lines of travel intersect. To construe this law so as to make the fact of which driver arrived first at the street intersection

(curb line) determinative of the rights of the parties would tend largely to defeat the very purpose of the law; such a construction would tend to encourage reckless driving and thereby increase the hazard of collision. We think that both drivers should exercise reasonable care to avoid coming into a collision, and that when a driver who is approaching a street or highway intersection, even though he arrived at the intersection at the curb line first, sees a vehicle approaching from his right, and near enough that there is a reasonable probability that a collision will occur if both proceed, then it is the duty of such driver to yield the right of way to the one approaching from the right.* *Gibbs* v. *Alstrom* (1920), 145 Minn. 35, 176 N. W. 173, 11 A. L. R. 227. It is also the duty of a driver on approaching a street or highway intersection to use reasonable care to discover whether or not there is any vehicle approaching such intersection either from his right or his left. Even though the street or highway upon which he is traveling be a "preferential" one, it is still his duty to use reasonable care to avoid coming into collision with another machine, though the *quantum* of care may vary with the surrounding circumstances.

We think that what we have said sufficiently disposes of all questions raised concerning the instructions given, and other instructions need not, therefore, be specifically noticed.

Judgment reversed, with instructions to grant a new trial.

*See Annotations 37 A. L. R. 493 and 47 A. L. R. 595.