NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY
v. HALE.

[No. 13,560. Filed October 24, 1929. Rehearing denied January 29, 1930. Transfer denied March 18, 1930.]

194

 ██

*John F. Linder, Harry F. Pavey* and *Forman D. McCurdy,* for appellant.

*W. E. Henderson,* for appellee.

McMahan, C. J.—Appellee sued appellant in the Marion Municipal Court and recovered a money judgment. The trial was had before a judge *pro tempore,* who, a few days after the rendition of the judgment, overruled appellant's motion for a new trial and gave time for bill of exceptions. Later, the regular judge assumed the bench, and, on application of appellant, granted its prayer for appeal, approved an appeal bond, in an amount and with a surety then named by the regular judge. Within the time designated by the judge *pro tempore,* appellant presented its bill of exceptions containing the evidence to the regular judge for his approval. This bill was approved by the regular judge, and the transcript and assignment of errors filed in this court within 60 days after the filing of the appeal bond. On September 7, 1929, appellee filed a motion to dismiss this appeal, upon the theory that the regular judge had no authority to fix the amount of the appeal bond and to approve the surety thereon.

Appellee insists that, the transcript having been filed more than 90 days and no steps having been taken to bring her into court, the appeal should be dismissed under Rule 36 of the Supreme and Appellate courts. In support of this contention, appellee says that the sole power and authority to give time for filing the appeal bond and to approve the surety thereon was in the judge *pro tempore,* and that the action of the regular judge in that matter was void for want of authority. It is not necessary for us to decide this question. In order that Rule 36 shall apply, it is nec-

essary that the appellee moving to dismiss because of want of notice has not appeared in the court to which the appeal has been taken. The record in the instant case shows that on September 9, two days after the motion to dismiss was filed, appellee appeared in this court and filed her petition for an extension of time within which to file her brief in answer to appellant's brief on the merits. This amounted to an appearance and gave this court jurisdiction over appellee. *Truscon Steel Co.* v. *Metropolitan, etc., Co.* (1930), 168 N. E. (Ind. App.) 51.

Appellee also contends that, since the only question presented for our consideration requires a consideration of the evidence, the appeal must be dismissed because the evidence is not in the record. The fact, if it be a fact, that the evidence is not in the record, is not jurisdictional. This court has jurisdiction of the subject-matter of the appeal and of the appellee. The motion to dismiss is, therefore, overruled.

The question as to whether the bill of exceptions should have been approved by the regular judge or the judge *pro tempore* is controlled by the provisions of the act creating the municipal courts of Marion County. Acts 1925 p. 457, ch. 194, §25, §1748 Burns 1926, which makes it the duty of the judge by whom the final order or judgment is entered to sign and file the bill of exceptions. Under the provisions of this section, it was the duty of the judge *pro tempore* to sign and file the bill of exceptions. The regular judge, under the statute and record now before us, had no authority to sign the bill of exceptions, and we hold the evidence is not in the record. See *Blasengym* v. *General Accident, etc., Corp.* (1929), 89 Ind. App. 524, 165 N. E. 262. It is well to keep in mind that this statute applies to no court except the Marion County Municipal Courts. The question as to whether a judge *pro tempore* of other courts has this authority is not now before us.

The evidence not being in the record, and the only error presented requiring a consideration of and depending upon the evidence, the judgment is affirmed.