21781. HOLLOMON v. HOPSON.

PER CURIAM. 1. The rule that the operator of a motor-vehicle shall give the right of way to an operator approaching from the right on an intersecting highway (Ga. L. 1927, p. 226, § 12 (g)) is intended to avoid collision by automobiles whose proper courses would intersect or converge, and has no application where the vehicles are moving in opposite directions, as, for instance, where each will turn into and move in a reverse course along the portion of the highway over which the other has just passed. Accordingly, where two vehicles, simultaneously and practically at right angles to each other, were approaching a sharp curve, but each was to travel in the opposite direction along the road over which the other had just passed, the operator of the vehicle to the left of the other in approaching such curve was under no duty to yield

the right of way to the operator approaching on his right; and this is true notwithstanding the highway traversed by these vehicles was intersected by another public road, which connected therewith at the outer edge of the curve, and which extended almost in a straight line with the portion of the highway traveled by the operator on the left as he approached the curve and intersection. Betschy v. Seng, 181 Wis. 643 (195 N. W. 854); Donat v. Dillon, 192 Cal. 426 (221 Pac. 193); Towne v. Godeau, 70 Cal. App. 148 (232 Pac. 1010); Mills v. Dakota Power Co., 44 S. D. 451 (184 N. W. 261); Neumann v. Apter, 95 Conn. 695 (112 Atl. 350, 21 A. L. R. 970); Bragdon v. Kellogg, 118 Me. 42 (105 Atl. 433, 6 A. L. R. 669); 42 C. J. 976, 991; and see also *Smeltzer* v. *Atlanta Coach Co., 44 Ga. App.* 53 (160 S. E. 665).

(a) It follows that where two motor-vehicles collided under the circumstances stated, and the owner and operator of the vehicle which approached the crossing to the left of the other brought suit against the owner and operator of the latter vehicle, to recover damages alleged to have been sustained by the plaintiff as a result of such collision, and the defendant filed a cross-action against the plaintiff based upon the same transaction, the court did not err in refusing a request by the defendant to instruct the jury that it was the plaintiff's duty to yield the right of way to the defendant at such curve or intersection.

(b) The fact that the defendant may have owed the right of way to an operator of a vehicle which was approaching the intersection on the defendant's right would not alter the case as between the plaintiff and the defendant.

(c) The defendant in his cross-action did not claim or specify a violation of the rule as to right of way as an act of negligence by the plaintiff, and for this additional reason he was not entitled to an instruction upon the subject.

2. The act of 1927 (Ga. L. 1927, p. 226, §§ 11, 12(c), 12(e)), contained other traffic regulations as follows: (1) "No persons shall operate a motor-vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic and common use of street or highway, or so as to endanger life or limb or property in any respect whatsoever." (2) "An operator meeting another vehicle coming from the opposite direction on the same highway, shall turn to the right of the center on the highway, so as to pass without interference." (3) "An operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible." Each of these rules was applicable in governing the operation of the automobiles of the parties to this case at the time and place in question, and since, under the pleadings and the evidence, the jury were authorized to find that the defendant violated each of these regulations, the court did not err in stating them to the jury as a part of his charge.

3. An instruction that "where the statute lays down a rule requiring a person to comply with certain requirements in the operation of an automobile, if a person fails to comply with that requirement, whatever it may be, that would be negligence per se" was a correct statement of the law of this State, and was not erroneous upon the ground that such statutory provisions relating to the operation of automobiles as were

stated in the court's charge do not enjoin or require any particular act, but merely declare general rules to be observed in the exercise of ordinary care or as matters of discretion. While it has been held in some jurisdictions that where a statute provides only some general rule of conduct, and does not prescribe any particular act to be done or omitted, it is erroneous for the court to instruct the jury that a violation of such statute would constitute negligence per se, the decisions are in conflict upon this question, and, according to the rule which obtains in this State, such a charge is not improper. See, in this connection, *Orange Crush Bottling Co.* v. *Smith*, 35 *Ga. App.* 92 (132 S. E. 259); Heidle *v.* Baldwin; 118 Ohio St. 375 (161 N. E. 44, 58 A. L. R. 1186); Landry *v.* Hubert, 101 Vt. 111 (141 Atl. 593, 63 A. L. R. 396). Whether or not the regulations referred to above should be construed as prescribing only general rules of conduct, and not as specifying any particular act or thing to be done or omitted, they are nevertheless to be taken as stating the measure of care to be exercised under the statute, and if the conduct of a party does not in fact conform to this standard, he may be said to be negligent as a matter of law. Cf. *Central Railroad* v. *Smith*, 78 *Ga.* 694 (3 S. E. 397); *Wadley Southern Ry. Co.* v. *Kennedy*, 136 *Ga.* 440 (2) (71 S. E. 740); *Georgia Power Co.* v. *Reid*, 26 *Ga. App.* 720, 724 (107 S. E. 100); *Elberton & Eastern R. Co.* v. *Thornton*, 32 *Ga. App.* 259 (4) (122 S. E. 795).

4. An instruction to the effect that if the defendant should recover on his cross-action but if there was contributory negligence on his part, "his recovery should be reduced to the extent that his negligence bore to the whole negligence," and "if equal to the whole negligence in the case he would not be entitled to recover at all," was more favorable to the defendant than the law required, and afforded no cause for a new trial at his instance, after verdict in favor of the plaintiff. *Southern Ry. Co.* v. *Wessinger*, 32 *Ga. App.* 551 (2), 556 (124 S. E. 100).

5. The jury having returned a verdict in favor of the plaintiff, rejecting the defendant's claim in its entirety, the instruction that if the jury should find in favor of the defendant on the ground of damage to his property, they should add whatever amount they determined to be his damage for "pain and suffering," if any, appears by the record to have been harmless to the defendant, although it may have omitted certain elements of damage by injury to person, as claimed by the defendant. *Howard* v. *Georgia Power Co.*, 35 *Ga. App.* 273 (8) (133 S. E. 57), and cit.

6. The plaintiff's vehicle was a bus which the plaintiff was operating for hire, and as to which the court instructed the jury, conformably with the act of August 24, 1929 (Ga. L. 1929, p. 315), that proof of injury by such vehicle was "prima facie evidence of the want of reasonable skill and care on the part of" the person operating the same. After giving this charge, the court instructed the jury further that, while such proof was sufficient to make a prima facie case and to shift the burden to the plaintiff, it was "only prima facie evidence that he was negligent, and he may, if he can, show by evidence that he was not negligent—that it is not true, and then that would carry the burden, so far as he was concerned, that was cast on him by showing injury to any one, or to property, by the operation of this bus driven by the plaintiff."

*Held,* that these instructions were not erroneous as against the defendant on the ground that they did not require sufficient proof from the plaintiff for the purpose of shifting the burden of evidence to the defendant. Mobile &c. R. Co. *v.* Turnipseed, 219 U. S. 35 (31 Sup. Ct. 136, 55 L. ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463); Western & Atlantic Railroad *v.* Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 884); *Georgia Railway & Power Co.* v. *Shaw,* 40 *Ga. App.* 341 (149 S. E. 657). Whether the charge placed an undue burden upon the plaintiff is a question not presented in the present case.

7. The fact that the plaintiff's vehicle, after being repaired, was destroyed by fire and he collected insurance for its value from an insurance company did not in any degree affect the plaintiff's right to recover for the damage caused by the collision, and the court did not err in refusing a written request to charge the jury contrary to this ruling. *City of Rome* v. *Rhodes,* 134 *Ga.* 650 (66 S. E. 330); *Barrett* v. *Western & Atlantic R. Co.,* 144 *Ga.* 47 (85 S. E. 1016).

8. The court did not err in refusing to allow a witness for the defendant to testify that he had seen the plaintiff driving at the same place several times in a week or ten days before the collision, and that he was traveling each time at a speed of 35 to 40 miles per hour. It is the general rule that in a suit for negligence evidence of similar acts or omissions on other and different occasions is not admissible, and the proffered evidence did not show any reason for an exception to this rule. *City of Dalton* v. *Humphries,* 139 *Ga.* 556 (3) (77 S. E. 790); *Savannah, Florida &c. Ry. Co.* v. *Flannagan,* 82 *Ga.* 579 (3), 588 (9 S. E. 471, 14 Am. St. R. 183); *Central Railroad &c. Co.* v. *Kent,* 84 *Ga.* 351 (5) (10 S. E. 965); *Atlanta & West Point R. Co.* v. *Holcombe,* 88 *Ga.* 9 (13 S. E. 751); *East Tenn. &c. Ry. Co.* v. *Kane,* 92 *Ga.* 187 (4), 192 (18 S. E. 18, 22 L. R. A. 315); *Atlanta Street Ry. Co.* v. *Bates,* 103 *Ga.* 333 (6) (30 S. E. 41); *Rome Ry. & Light Co.* v. *Lansdell,* 13 *Ga. App.* 795, 797 (79 S. E. 1131); *Western & Atlantic R. Co.* v. *Slate,* 23 *Ga. App.* 225 (2) (97 S. E. 878); *Butler* v. *Central of Georgia Ry. Co.,* 41 *Ga. App.* 115 (5) (151 S. E. 834); *Neill* v. *Hill,* 32 *Ga. App.* 381 (2 *b*) (123 S. E. 30), and cit.

9. The evidence authorized the verdict for the plaintiff, and there was no merit in any of the grounds of the defendant's motion for a new trial. *Judgment affirmed. Jenkins, P. J., Stephens, and Sutton, JJ., concur.*

Decided September 24, 1932. Rehearing denied, October 1, 1932.

*Jule Felton,* for plaintiff in error.
*Miller & Bagley, Arnold & Battle, G. Y. Harrell,* contra.