ATLANTA AND WEST POINT RAILROAD CO. *v.* HOLCOMBE.

1. Where the employee whose business it was to place a stool used for the purpose of assisting lady passengers to enter the train was not produced or accounted for, there was no error in rejecting evidence that it was the custom and habit of the company to have the stool in its proper place up to the time of the starting of the train, there being positive evidence in behalf of the plaintiff that it was out of place when he was injured, and only negative evidence to the contrary in behalf of the defendant.

2. It not appearing that the witness who would ordinarily know the fact in question, and who was one of the employees of the company at the time the cause of the action arose, was inaccessible, or that the defendant was ready to produce him, there was no error in calling attention to his absence or non-production in charging the jury as a fact to be considered by them in connection with the case.

3. There was no error in denying a new trial.

October 19, 1891. By two Justices.

Negligence. Evidence. Witness. Railroads. Charge of court. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1890.

Holcombe sued for damages from personal injuries, alleging that, having purchased a ticket entitling him to a passage from Atlanta to East Point, he boarded the defendant's train about ten minutes before leaving time,

and went into the first class car to get a seat, but finding that he could not get one in that car, he sought one in the smoking-car ; that while passing from the one to the other, he stumbled and fell over a stool which had been negligently left in the passway by the defendant's servants, and fell forward and hit his knee against the iron door-sill of the smoking-car ; and that the passway was comparatively dark, it being almost dark in the depot, and he did not see the stool. He obtained a verdict, and the defendant's motion for a new trial was overruled.

Calhoun, King & Spalding and J. T. Pendleton, for plaintiff in error.

S. N. Connally and Cox & Reed, *contra.*

Lumpkin, Justice.

1. The main question in this case is not whether the railroad company had a custom and habit of keeping at its proper place, up to the time a train was ready to leave the depot, a stool used for assisting lady passengers to enter the train, but whether, on the occasion when the plaintiff below was injured, the stool caused the injury by being in the wrong place. It appears from the evidence that the proper use of such a stool would require its being kept on the ground or floor at the foot of the steps of the car until the train was about to depart, and the fact that such use was generally made of it would be almost, if not quite, as apparent from the other circumstances in proof as if defendant's witness had been permitted to swear the company did have such a custom. Testimony, therefore, to the effect that it was the custom and habit of defendant's servants to take up the stool just as the train was ready to pull out of the depot, and not ten minutes before, would, of itself, be of but little probative value upon the real question at issue. Doubtless the jury understood, without such testimony, what was usually the company's habit as to this stool, and the

chief thing for their determination was not the existence or non-existence of such a habit, but whether or not the stool was where it ought to be when the plaintiff was hurt.  If the servant of the company whose duty it was to look after this stool had been sworn as a witness, and had testified that when the plaintiff fell the stool was where it should be, we think it would have been proper to allow him to strengthen his testimony by stating, if he could, that he knew the stool was in its proper place on this particular occasion because it was *his* invariable habit and custom to keep it where it belonged, and not to take it up till the train was about to start.  No such witness was offered, and defendant's witnesses, who swore concerning the location of the stool, did not positively say it was not on the platform between the cars. Their testimony was, at best, only negative on this point, while the testimony for plaintiff was positive that the stool was on such platform and that he fell over it.  We think that while a witness may testify to the existence of a custom or habit concerning which he has personal knowledge, and with which he had personal connection, by way of strengthening his statement that this custom or habit was observed on a particular occasion, it would not be proper, as a general rule, to admit independent testimony as to what was or was not the habit of a person or corporation with reference to a given subject.  See *Hardeman* v. *English & Huguenin*, 79 *Ga.* 387, and *Mayfield* v. *Savannah, Griffin & N. A. R. R. Co.*, 87 *Ga.* 374, 13 S. E. Rep. 459.  These authorities and the cases therein cited not only sustain the above view, but an examination of them will show that a manifest distinction exists between customs which, by reason of their general operation, have the force and effect of law, and the mere habit of one individual or corporation.  Of course, a custom so well known and recognized within the sphere of its operation as to become a part of the law of con-

tracts, or other transactions, made in a particular locality, may be proved by witnesses familiar with the existence of the same; but the rule is different in reference to the particular way or manner in which a single corporation or person transacts a specific kind of business. With reference to the latter, we have above stated to what extent proof should be allowed.

2. In view of the repeated rulings of this court, we see no reason why there should be any impropriety in the court's calling the attention of the jury to the absence or non-production of a witness who ought to have special knowledge concerning the particular fact under investigation. It appears by an affidavit attached to the motion for a new trial that the witness who ought to have known about the location of this stool at the time of the injury had been subpœnaed by both sides, and was actually in court; but this fact not being known to the court, its charge on this subject was properly given. The defendant could easily, during the trial, have informed the court of the presence of the witness; and if this had been done, the charge complained of would doubtless have been omitted.

3. The jury found from the testimony that the stool was in an improper place, and was the occasion of the injury. The evidence sustaining such finding was ample, and we will not, therefore, interfere with the discretion of the court below in refusing a new trial.

*Judgment affirmed.*