### HUTCHINSON LUMBER COMPANY v. DICKERSON.

LUMPKIN, J.  1. Where a contract was made for the sale of certain lumber, stated to be air-dried and of a specified character, evidence that it was stacked in piles, "with sticks between it, so that the air could go through it, ventilate it," was admissible.  But evidence that the mill superintendent was an old hand at stacking lumber, and would have stacked each day's cutting the next day, was not admissible.

2. Where the proprietor of a sawmill sold certain lumber, and it was in controversy whether such lumber came up to warranty, it was not competent to show that he had sold lumber of the same kind to other customers, and that all of the boards "went through without any trouble whatever, with the exception of this lot."  Whether other customers accepted boards sent to them without trouble did not show whether the boards sold to the defendant complied with the warranty made as to them.

3. If the sale was executed, a breach of warranty would not annul it or authorize the purchaser afterwards to return the property to the vendor without the consent of the latter, but would give the purchaser a right to damages, in a proper case.  But if the sale was executory, and the property tendered was materially different from that ordered, the purchaser could refuse to accept it.

4. Under the brief of evidence contained in the record, it is difficult to de-

termine with certainty whether the sale was executed or executory. The contract appears to have been by correspondence. Some of the letters were introduced in evidence and some were not. The first letter from the vendor which was introduced refers to an earlier letter, and also indicates that the lumber was to be delivered "f. o. b. mill." The written acceptance is not in the brief. The lumber was paid for. An officer of the defendant testified, in parol, that the boards were shipped to a named city for inspection, and were subject to final inspection at the destination; that they were paid for in advance, he having confidence in the vendor, and under a practice to charge back the "cullage," which was rejected; that the lumber in controversy was inspected upon arrival and was rejected. *Held,* that there should be a new trial in the case; and upon such trial the law can be applied according as it may appear whether in fact the sale was executed or executory.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906,—Decided January 16, 1907.

Complaint. Before Judge Henderson. City court of Vienna. November 1, 1905.

*Hill & Royal,* for plaintiff in error.