40310.   GAHRING v. BARRON.

DECIDED SEPTEMBER 24, 1963—
REHEARING DENIED OCTOBER 22, 1963.

*L. B. Kent,* for plaintiff in error.
*Hatcher, Stubbs, Land & Rothschild, A. J. Land,* contra.

RUSSELL, Judge. ■ Among other allegations of negligence, the plaintiff charged the defendant with a violation of *Code Ann.* § 68-1653 which provides: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway." *Code Ann.* § 68-1504 (1b) defines a private road or driveway for purposes of the Act in question (Ga. L. 1953, Nov. Sess., pp. 556, 561) as follows: "Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons." The question is whether the plaintiff proved that the defendant entered the main thoroughfare, Victory Drive in Co-

lumbus, from such a location. The plaintiff referred to the car "swinging out on the highway . . . the automobile that came into the street . . . I saw Mrs. Barron come onto the pavement . . . she pulled into Victory Drive." The defendant testified: "There's a driveway before you get to Ideal Laundry . . . The unpaved roadway between the pavement and the Ideal Laundry and the radio shop is more than the length of a car, I'd say 5 or 6 feet deeper in there between the buildings and the highway. [The car] was parked headed in toward the radio shop. I backed it up parallel to the road before I pulled onto the road." Her son testified: "I parked in front of the radio shop at an angle . . . When mother got in the car, she backed up and went forward and pulled into the road . . . she was about 20 feet from Elvan Avenue. I'm not sure in reference to the pavement on the south side of Victory Drive. The best estimate I can give was 10 feet. Mother pulled forward and started going into the lane of traffic." There is no testimony as to whether the unpaved roadway in front of the radio shop where the automobile had been parked was privately owned or was a part of the unpaved right of way of Victory Drive. Under these circumstances the evidence did not support the allegation that defendant entered the traffic lane from a private driveway, and the court properly refused to instruct the jury as to the law regarding this allegation of negligence.

■ "It is the general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible." *Hollomon v. Hopson,* 45 Ga. App. 762, 765 (8) (166 SE 45) ; *Hawkins v. Benton Rapid Exp.,* 82 Ga. App. 819, 828 (62 SE2d 612) ; *Williams v. Slusser,* 104 Ga. App. 412 (5) (121 SE2d 796) ; *Bazemore v. Powell,* 54 Ga. App. 444 (188 SE 282) ; *Cox v. Norris,* 70 Ga. App. 580, 583 (28 SE2d 888) : These cases and others cited therein stand for the general proposition that with some rare exceptions each negligence case must be decided with reference to the particular transaction and no other, and that to give the jury facts regarding previous or subsequent similar occurrences from which they may infer that the plaintiff or the defendant has been negligent in the same manner on other occasions is both irrelevant and prejudicial. All of these

cases relate to the introduction of testimony of collisions or mishaps similar to the one on trial where the pleadings contain no special allegation which would make the other transaction relevant on the issue of habit, custom, or character. In this instance it appears that the plaintiff had two other motorcycle collisions shortly after the one on which this action was brought. We have no quarrel with the general tenor of the ruling of the trial court, which was to recognize the rule here stated and also that evidence of other injuries received by the plaintiff shortly after this collision was relevant to the damages sustained, and that the defendant might offer proof that the pain and suffering claimed by the plaintiff were due wholly or partly to other causes with which the defendant had no connection. Admittedly, the line of demarkation may be a thin one. The usual manner of offering testimony concerning the physical condition of a claimant is by producing expert testimony of a physician who treated him. Cf. *Adams v. Worley,* 87 Ga. App. 892 (2) (75 SE2d 682). The defendant here attempted to establish the fact of subsequent unconnected injuries solely by cross examination of the plaintiff, who denied that he was injured in the other accidents beyond the infliction of superficial bruises, the colloquy being in part as follows: "Q. What happened to your 1961 Triumph? A. I got hit by a car. Q. Was that motorcycle destroyed? A. It was, total. My motorcycle was torn up as a result of the accident on December 29th. I was on my motorcycle and was knocked off my motorcycle. An automobile knocked me off. Muscogee County Police were driving the other vehicle. Yes, my motor vehicle was moving at the time of the accident. I don't know what speed it was. [As to a third collision]: Got knocked down, yes, sir. There was another vehicle involved. That vehicle was going to make a left turn on Thirteenth Street, headed towards the Army post. I went through two cars in the lane of traffic waiting for the light and they left me a gap for me to proceed through. There was an impact between my motorcycle and the automobile." After the court's reiterated ruling that testimony should be confined to injury received and not to the facts of the subsequent collisions, some of the questions were: "What speed were you traveling?

... Tell us about that accident ... Where did it happen? ... What knocked you off your motorcycle? ... Who was driving that automobile? ... Were you involved in another accident? Where did that occur? Was there another vehicle involved? Where did you come from onto Fourth Avenue?" and so on. It becomes fairly obvious that the effect of this line of questioning, if not its avowed purpose, was to convince the jury of the plaintiff's ineptness in handling his motorcycle rather than to produce evidence that he was in fact injured in other collisions. The prejudicial effect of the general line of questioning cannot be doubted, nor can it be justified simply on the theory that the defendant had a right to show the plaintiff's injuries, if they existed, were not due to the immediate transaction on which he based his right of action. Whether or not juries should be allowed to take this kind of evidence into consideration is not for us to decide; it has been settled law in this State from and before the advent of automobiles. This being so, it cannot be said that the plaintiff had a fair trial under the prevailing rules of evidence. This special ground shows reversible error.

■ It was held in *Jackson v. Matlock,* 87 Ga. App. 593 (4) (74 SE2d 667): "The trial court erred in charging that, if the jury should find that the plaintiff and the defendant were equally negligent, the plaintiff would not be entitled to recover, without instructing the jury in connection therewith that the negligence of the plaintiff which would bar his recovery under such rule must have proximately contributed as a cause of the injury received by the plaintiff." The error may be obviated where, as in *Noland v. England,* 101 Ga. App. 306 (4) (113 SE2d 649), the court makes it clear that negligence of either party will not bar or forbid recovery if it is not a part of the proximate cause, but here the court, while instructing the jury that the defendant's negligence must be the proximate cause of the injury and damage sustained by the plaintiff, made no such limitation in regard to the plaintiff's negligence considered as a bar to the plaintiff's recovery ... To this extent the instruction was error; the other objections urged to this portion of the charge are without merit. An assignment of error will not lie to an otherwise correct portion of the charge on the ground that the court did not charge

in connection therewith some other applicable provision of law. *Payne v. Young*, 27 Ga. App. 370 (4) (108 SE 312).

■ It appears from the testimony that the street on which the collision between plaintiff's motorcycle and defendant's automobile occurred was a main thoroughfare with a dividing strip separating double traffic lanes on either side; that the defendant drove into the street from a parked position, putting her in the outside traffic lane, and that she proceeded to the inside lane preparatory to making a left turn at the next intersection; that the plaintiff was approaching in the outside lane and when he saw the defendant enter this traffic lane he turned to the inside lane, and that the collision occurred just at the entrance to the intersection. Each driver saw the other prior to the impact. Under these circumstances, the question of whose negligence preponderated in causing the injuries sued for is for the jury rather than the court. The argument that the defendant's testimony was vague and uncertain as to the speed, time, and distances involved does not render it otherwise; these are matters for the jury alone to consider in weighing the credibility of this witness. "While the evidence of a party testifying in his own behalf should generally be construed most strongly against him, it should still be construed in accordance with the manifest intent and purpose of the witness as disclosed by his testimony." *Dollar v. Dollar*, 214 Ga. 499, 503 (105 SE2d 736). The evidence here does not demand a verdict for either side.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*