## 52492. BROOKS v. STEELE.

DEEN, Presiding Judge.

Steele, a contractor, entered into an oral agreement to build a house for the appellant for a $3,000 fee plus cost

of materials, some of which Steele purchased, bringing the invoices to the owner for reimbursement; some of which the owner paid directly, and some small items of which were paid by cash advances. Prior to completion the contract was terminated: The owner attributed this to his dissatisfaction with the poor quality of work and his inability to get in touch with Steele, whereas Steele stated that he had wanted to do some work himself and "maybe it wouldn't cost as much." Steele was eventually fired, and sued for $3,000 fee, certain material charges which he had paid directly, and attorney fees. From a verdict in favor of the contractor for these sums and against the owner on his counterclaim, the latter appeals. *Held:*

1. A neighbor whose home had also been partly constructed by the appellee was called to identify snapshots he had taken of the appellant's house. Asked whether he was satisfied with the work done by appellee on his own house the witness replied over objection, "It was excellent . . . it was an excellent job." Asked whether the workmanship on Mr. Brooks' house was equal to that on his own he replied he was not familiar with the house to that extent, that it appeared good from casual observation. We agree with the appellant that evidence of the plaintiff's work on other occasions is of extremely doubtful probative value, and should, under Code § 38-202, have been excluded as irrelevant. See *Dennis v. Dennis,* 227 Ga. 164 (3-b) (179 SE2d 238); *Hutchinson Lumber Co. v. Dickerson,* 127 Ga. 328 (56 SE 491). "Although evidence of collateral matters may throw some remote light on the main issues of the cases, it is nevertheless necessary that trial judges be vested with some latitude as to the admissibility of this type of evidence." *Ludwig v. J. J. Newberry Co.,* 78 Ga. App. 871 (2) (52 SE2d 485). Evidence which is irrelevant will not always require reversal, since prejudice also must appear. *Crawley v. State,* 150 Ga. 586 (2) (104 SE 410). The testimony of the witness is in fact confined to the expression that the job on his own home was excellent, and he had little knowledge of the appellant's home. The testimony was not "lengthy" as in *Carlton Co. v. Poss,* 124 Ga. App. 154 (183 SE2d 231) or technical as in *Merchant's Nat. Bank of Rome v. Greenwood,* 113 Ga. 306 (38 SE 826).

As stated in *Gilleland & Dillingham v. Louisville & N. R. Co.,* 119 Ga. 789 (2) (47 SE 336): "The admission of immaterial evidence will not be held cause for a new trial unless shown to have been harmful to the complaining party." The abbreviated reference to the witness' own home, particularly in view of his unwillingness to make comparisons, is not alone cause for reversal here.

2. Code § 20-1404 allowing expenses of litigation in certain circumstances, is generally applied to ex delicto actions; where allowed in an action for mere breach of contract because of bad faith, the "expenses of litigation are not allowed for bad faith in refusing to pay, but where he 'has acted in bad faith' in the transaction and dealings out of which the cause of action arose. The language of section [20-1404] clearly points to bad faith prior to the institution of the action, rather than to the motive with which the particular suit is being defended. . ." *Traders Ins. Co. v. Mann,* 118 Ga. 381, 385 (45 SE 426). "In other words, the elements of bad faith which will authorize expenses of litigation in an *ex contractu* action are those acts relative to the conduct of entering into a contract or to the transaction and dealings out of which the cause of action arose. . . but do not have reference to the motive with which the defendant defends an action after a cause of action occurred." (Emphasis supplied.) *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106, 113 (115 SE2d 852). A mere refusal to pay will not of itself support an award of attorney fees in an ex contractu case.

The plaintiff contractor in the present case alleged a balance due on his contract of $5,837.65 and was awarded $4,837.65 plus attorney fees. The principal amount represented sums which the plaintiff sought to have reimbursed to him for materials plus the $3,000 fee for supervising the construction. The defendant did not deny his liability on debts incurred for material going into his house, and admitted liability thereon, but contested certain items on the ground they had not gone into his house and sought damages for work allegedly improperly performed which he had to have done over. A comparison of the verdict with the amount sued for is interesting since the particular figure of dollars and cents could only have been arrived at by adding the individual bills, and the

$1,000 written off must then have represented one third of the agreed-to fee. Had the appellant been acting in bad faith, the appellee would certainly have been entitled to the whole of the fee stipulated. And since mere refusal to pay does not alone amount to bad faith (or causing unnecessary trouble and expense), and a defense of the action is not of itself stubborn litigiousness, the failure of the jury to find for the plaintiff for the amount sued for is in this case the equivalent of a finding that he was not entitled to the whole of the supervisory fee. But if he was not entitled to the whole of the fee (although entitled to a part of it, and to reimbursement for materials purchased) then the defendant could not have been in bad faith in the transaction out of which this complaint arose in such manner as to be liable for attorney fees.

*The judgment is accordingly affirmed on condition that the plaintiff write off the attorney fees in the amount of $2,500; otherwise reversed. Quillian and Webb, JJ., concur.*

SUBMITTED JULY 15, 1976 — DECIDED SEPTEMBER 8, 1976.

*R. Russell Tarver,* for appellant.
*Brince H. Manning, Jr.,* for appellee.