## 67195. WILLIAMS et al. v. NAIDU et al.

QUILLIAN, Presiding Judge.

This is an action for damages arising from alleged medical malpractice brought by the injured plaintiff-appellant and his wife. After trial by jury the defendant-appellee physicians received a verdict and judgment in their favor, from which this appeal is taken.

The sole enumeration of error is that the trial court erred in admitting the testimony of both appellees that they had never been sued before. *Held:*

This issue falls under OCGA § 24-2-2 (formerly Code Ann. § 38-202).

" ' "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter . . ." Code § 38-202. "In actions for damages for injuries sustained in an automobile accident alleged to have been caused by the negligence of the defendant, the issue before the court is the negligence or non-negligence of the defendant at the time and place of the accident . . . And each transaction must be ascertained by its own circumstances, and not by the reputation or character of the parties . . . It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible. (Cits. omitted.)" ' " *Wright v. Dilbeck,* 122 Ga. App. 214 (4), 217 (176 SE2d 715).

We find that appellees' testimony that they had never been sued before is tantamount to saying that they had never been negligent as medical practitioners, from which it is inferable that they were not negligent in treating appellant.

"As a general rule in all negligence actions, evidence of similar acts or omissions is not admissible . . . However, '[i]f proof of a similar accident or similar method of acting tends to prove some fact of the case on trial, the testimony falls within an exception — such as to show knowledge of a defect . . . , or causation . . . or to rebut a contention that it was impossible for the accident to happen in the manner claimed . . . Independent testimony of other transactions has also been admitted to show the prior existence of a dangerous condition . . . or hazardous situation . . ." (Cits. omitted.) *Gunthorpe v. Daniels,* 150 Ga. App. 113 (1) (257 SE2d 199).

If evidence of prior similar acts of negligence is not admissible, it follows that evidence of the absence of any such prior acts is equally inadmissible.

As there is no evidence of any such similar conduct or other transactions, there is nothing that falls within the exceptions to the general rule of inadmissibility. Accordingly, the trial court erred in admitting the testimony.

We find no merit in appellees' argument that their testimony was impeached by being in conflict with that of appellants' so as to authorize evidence of their prior lack of negligence to be used to rehabilitate their credibility.

Remaining is the question of whether the error was harmful to appellants.

An issue to be determined by the jury was the credibilities of the parties whose testimonies were in sharp conflict as to what had occurred. In addition to the credibility issue, appellants had to rebut the presumption that the appellee physicians used reasonable care and skill. *Gunthorpe v. Daniels,* 150 Ga. App. 113 (1), supra. The erroneous admission of appellees' testimony that, inferentially, they had never been negligent in providing medical care, obviously supported the presumption of due care as well as enhancing their credibility. Under these circumstances, as we cannot say as a matter of law that the improperly admitted evidence did not adversely affect the verdict, we reverse. Compare, *Gahring v. Barron,* 108 Ga. App. 530 (2) (133 SE2d 389).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 20, 1983.

*Paul M. Hawkins,* for appellants.
*Robert G. Tanner, Henry D. Green, Jr.,* for appellees.