70321. WALKER v. MITCHELL.
(331 SE2d 82)

BANKE, Chief Judge.

This appeal follows a verdict and judgment in favor of the defendant in a personal injury action arising from an automobile collision. *Held*:

1. The trial court did not err in excluding certain evidence offered by the plaintiff to the effect that, six months after the collision, a "brake job" had been performed on the defendant's vehicle. This evidence was offered in an attempt to establish that the collision was caused by the failure of that vehicle's brakes.

Generally speaking, "[a]ny evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. (Cit.) Moreover, where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. (Cits.)" *Kelly v. Floor Bazaar, Inc.*, 153 Ga. App. 163, 165 (264 SE2d 697) (1980). However, "[w]hether particular evidence objected to on the ground of irrelevancy is in fact admissible or not in the final analysis depends very largely upon the circumstances of the particular case, and a decision of that issue must in many cases be left to the sound discretion of the trial judge." *Atlanta Joint Terminals v. Knight*, 98 Ga. App. 482, 486 (106 SE2d 417) (1958). Accord *Brooks v. Steele*, 139 Ga. App. 496, 497 (1) (229 SE2d 3) (1976); *Life Ins. Co. of Ga. v. Dodgen*, 148 Ga. App. 725 (2), 729 (252 SE2d 629) (1979).

In the present case, it is undisputed not only that six months had elapsed between the time of the collision and the time the repairs were made but also that during this period the vehicle had been driven 5,000 miles. Under these circumstances, the trial court was authorized to exclude the evidence in question based on a conclusion that it raised no fair presumption or inference with regard to the condition of the brakes at the time of the collision.

2. The plaintiff enumerates as error the court's charge that she could not recover if it were believed she had been guilty of a violation of law amounting to negligence per se and if it were further believed such negligence per se "was the proximate cause of the collision." It is argued that this language amounted to a charge on contributory negligence, whereas the applicable law is that of comparative negligence.

The objection which the plaintiff made to the charge in the court below was as follows: "[W]e object to Number Seven because it

prejudices the plaintiff by implying that she violated the law and that, therefore, she can't recover. I think that probably it should have been stated 'the parties' rather than the 'plaintiff' — 'that the parties violated — if the plaintiff and defendant' had violated — one or the other — then I think it would have been more fair, so on that basis I except to Defendant's Request to Charge Number Seven."

Except in cases "where there has been a substantial error in the charge which was harmful as a matter of law" (OCGA § 5-5-24 (c)), "no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." OCGA § 5-5-24 (a). To be considered sufficient under this code section, an objection must be "stated distinctly enough for a 'reasonable' trial judge to understand its nature, enabling him to rule intelligently on the specific point." *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976).

The plaintiff's objection cannot reasonably be construed as being based on her right to a charge on comparative negligence. Thus, in the absence of any indication that she in fact requested a charge on comparative negligence, this enumeration of error establishes no ground for reversal. Accord *Williams v. Kennedy*, 240 Ga. 163 (2) (240 SE2d 51) (1977).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED MAY 8, 1985.

*William J. Sussman*, for appellant.
*A. Montague Miller*, for appellee.