73290. CARSTEN et al. v. WILKES SUPERMARKET OF GWINNETT COUNTY, INC.

(353 SE2d 922)

POPE, Judge.

Appellants brought this action against appellee alleging negligence in the preparation of a turkey dinner. Appellants contended that as a result of the alleged negligence, they became infected with salmonella. Appellee denied the allegations against it, and the matter was presented to a jury which rendered a verdict in favor of appellee. This appeal followed.

1. Appellants' first enumeration cites as error the denial of their motion in limine which allowed appellee's president to offer testimony that no complaints of illness had been reported to appellee during the Thanksgiving season of 1983, the time when appellants purchased the subject turkey. Appellants objected to this testimony on the grounds that it had no probative value, was highly prejudicial, and was violative of OCGA § 24-2-2, which provides: "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

Appellee's evidence at trial showed that it solicited and received orders for approximately 125 turkey dinners during the 1983 Thanksgiving season; that all the turkeys were supplied by the same wholesaler; and that they were all handled in the same manner during the cooking and storage process. Appellee also presented expert testimony that salmonella could develop in the home due to improper handling and storage by the consumer; that is, appellants' handling of the turkey, rather than improper cooking or storage by appellee, could have been the cause of the salmonella in this case. Under these circumstances, the testimony objected to was clearly probative, tending to establish by circumstantial evidence that appellants (rather than appellee) were responsible for the salmonella in the subject turkey. See OCGA § 24-1-1 (4).

As to whether this evidence was improperly admitted under OCGA § 24-2-2, we find the holding in Central of Ga. R. Co. v. Bernstein, 113 Ga. 175 (1) (38 SE 394) (1901), to be instructive. In that case the plaintiff alleged that defendant was negligent in causing a very large rock to be blown up by defendant's blasting and thrown upon the roof of plaintiff's stable, penetrating the roof, and so wound-

ing one of plaintiff's horses therein that it died a few weeks later. Defendant challenged "the admission of evidence as to the manner in which the agents and employees of the defendant carried on the work of blasting prior to and after the time of the alleged injury to the plaintiff's horse. This evidence was objected to on the ground that it was irrelevant and immaterial, and sought to prejudice defendant's case by proof of acts of negligence not connected with the particular act complained of. It appeared that the work of blasting was carried on for some two weeks, and that the plaintiff's horse was injured during that time. The evidence objected to tended to prove that before, after, and at the time of the injury the blasting was negligently done and threw many rocks in all directions. . . . [W]e think that all of the evidence was admissible to aid the jury in determining whether or not there was negligence in the particular blast by which the damage complained of was occasioned. Evidence that negligent blasting threw rocks in all directions might be looked to by the jury in determining whether the blasting was negligently done which threw the rock upon the plaintiff's stable. As to the admissibility of this evidence on the idea that negligence upon other occasions may be considered by the jury as showing a probability that there was negligence upon the particular occasion in question, . . . [t]he blasting done by the defendant was at some distance from the plaintiff's place of business, and the plaintiff could scarcely have shown that there was negligence in the particular blast by which the damage was done, except by evidence of this character. The work was continuous. Such blasting as was done may be considered as a single job or undertaking which it took a number of days to complete. This being true, it seems to us that the jury could properly infer, from evidence showing negligence in the blasting done at various times during the continuance of the undertaking, that the same negligence attended the blast by which the plaintiff's property was injured." Id. at 176-77.

Like the situation in *Bernstein*, appellee in the case at bar could scarcely have shown that it was not negligent in preparing the particular turkey in question except by evidence of this character. The preparation of the 125 turkeys was apparently a continuous process which took some time to complete. It thus seems to us that the jury could properly infer, from the evidence showing and tending to show a lack of negligence in the handling of the turkeys during the continuance of the undertaking, that the same lack of negligence attended the handling of the turkey by which appellants were injured. Therefore, the trial court did not err in denying appellants' motion in limine on this ground.

2. Appellants also assign error to the trial court's denial of their motion in limine seeking to exclude testimony that no complaints of illness as a result of consuming foods prepared by appellee had ever

been brought to appellee's attention before or after the subject Thanksgiving period. We agree with appellants that this testimony was irrelevant and should have been excluded. See, e.g., *Hutchinson Lumber Co. v. Dickerson*, 127 Ga. 328 (2) (56 SE 491) (1907); *Weil Bros.-Cotton v. T. E. A.*, 181 Ga. App. 122 (2) (351 SE2d 670) (1986); *Williams v. Naidu*, 168 Ga. App. 539 (309 SE2d 686) (1983). Remaining is the question of whether the error was harmful to appellants.

"[W]ith some rare exceptions each negligence case must be decided with reference to the particular transaction and no other, and . . . to give the jury facts regarding previous or subsequent similar occurrences from which they may infer that the plaintiff or the defendant has been negligent [or free from negligence] in the same manner on other occasions is both irrelevant and prejudicial." *Gahring v. Barron*, 108 Ga. App. 530, 532 (133 SE2d 389) (1963). Accord *Hoard v. Maddox*, 202 Ga. 274 (4) (42 SE2d 744) (1947). "An issue to be determined by the jury was the credibilities of the parties. . . . The erroneous admission of [appellee's] testimony that, inferentially, [it] had never been negligent in [preparing cooked food] obviously supported [other evidence] of due care as well as enhancing [its] credibility. Under these circumstances, as we cannot say as a matter of law that the improperly admitted evidence did not adversely affect the verdict, we reverse." *Williams v. Naidu*, supra at 541. Compare *Brooks v. Steele*, 139 Ga. App. 496 (1) (229 SE2d 3) (1976).

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Sognier, Benham, and Beasley, JJ., concur. Deen, P. J., and Carley, J., dissent.*

CARLEY, Judge, concurring in part and dissenting in part.

I concur fully in Division 2 of the majority opinion. The testimony discussed therein clearly falls outside any recognized exception to the general rule that evidence of other transactions is irrelevant and inadmissible. See generally *Gunthorpe v. Daniels*, 150 Ga. App. 113 (257 SE2d 199) (1979). I cannot agree, however, that there is a viable basis for distinguishing between the inadmissibility of the evidence concerning other transactions prior and subsequent to Thanksgiving 1983 as is discussed in Division 2 and the evidence concerning other transactions during Thanksgiving of 1983 as is discussed in Division 1. I must, therefore, respectfully dissent to Division 1.

As support for its holding in Division 1, the majority states that "appellee in the case at bar could scarcely have shown that it was not negligent in preparing the particular turkey in question except by evidence" that none of its other customers who bought pre-cooked turkeys during Thanksgiving of 1983 had ever complained. (p. 835) The majority's premise is erroneous. It ignores the relevant issue of negli-

gence in this case, the possible defenses available to appellee, and the possibility that appellee had no viable defense. Appellants' claim was not premised upon appellee's act of following a negligent process whereby contaminated turkeys were continuously produced, only one of which they happened to buy. Accordingly, appellee's negligence on other occasions had no initial relevancy to any element of appellants' case. Compare *Central of Ga. R. Co. v. Bernstein*, 113 Ga. 175 (38 SE 394) (1901). Appellants' claim was premised upon allegations that the single pre-cooked turkey that they bought had been negligently prepared. There would be no burden on appellee to produce any evidence whatsoever unless and until appellants had met the initial burden of proving their allegations that appellee had *negligently undercooked the particular turkey* that they had bought and, that it was as the result of *this negligently undercooked turkey* that they had contracted salmonella. Either the pre-cooked turkey purchased by appellants was negligently undercooked for salmonella infection or it was not. If appellants were unable to meet their initial evidentiary burden, appellee's appropriate procedural tactic would be to move for a directed verdict. Assuming, however, that appellants did meet their initial evidentiary burden by producing evidence that the specific pre-cooked turkey sold by appellee had *not* been subjected to a non-negligent cooking process for salmonella infection, appellee should not be allowed to defend by introducing irrelevant evidence. Appellee's negligence would lie in failing to subject the particular turkey sold to appellants to a non-negligent cooking process and not in failing to have a non-negligent cooking process for pre-cooked turkeys generally available. Compare *City of Brunswick v. Glogauer*, 158 Ga. 792, 816 (5) (124 SE 787) (1924) (evidence of non-occurrence of other injuries admissible as relevant to the issue of whether a *static condition* on realty encountered by the *public at large* should be deemed dangerous).

Evidence merely that appellee may have had a non-negligent process for cooking turkeys and that no other pre-cooked turkey that appellee ever processed had given rise to similar complaints of undercooking would not be probative of the fact that appellee did not, on this one occasion, negligently undercook the pre-cooked turkey ultimately bought by appellants. See generally *Hutchinson Lumber Co. v. Dickerson*, 127 Ga. 328 (56 SE 491) (1907). Even assuming that appellee may never have negligently undercooked any other turkey during Thanksgiving of 1983, this would not show that it did not negligently undercook the one in question. The defendant in a negligence action is simply not allowed to show that he performed similar acts in a non-negligent manner or did so without injurious result. See generally *Atlanta & West Point R. Co. v. Holcombe*, 88 Ga. 9 (13 SE 751) (1891). Accordingly, I must respectfully dissent to Division 1 of the

majority opinion.

I am authorized to state that Presiding Judge Deen joins in this opinion.

DECIDED FEBRUARY 19, 1987.

*J. Wayne Moulton*, for appellants.
*William S. Shelfer, Jr.*, for appellee.