■ Louis Acevedo, an Infant, by His Mother and Natural Guardian, Norma Rodriguez, Respondent, v New York City Health and Hospitals Corporation et al., Appellants, et al., Defendants. [673 NYS2d 656] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered May 2, 1997, which, after a jury trial, awarded plaintiff the principal sum of $8,598,054, unanimously modified, on the facts, to delete the handwritten penultimate paragraph assessing interest disparately against defendant Rothbard, and otherwise affirmed, without costs.

In this medical malpractice action, the conclusion of plaintiff's expert witnesses as to causation was, contrary to defendants' contentions, adequately founded in the evidence, and sufficient to establish the requisite causal nexus between defendants' malpractice and the infant plaintiff's harm (*see, Stringile v Rothman*, 142 AD2d 637, 639; *cf., Rampe v Com-*

*munity Gen. Hosp.*, 241 AD2d 817, *lv denied* 91 NY2d 806). Nor is there merit to defendants' claim that the trial court's missing document charge was improper, since there was evidence that the missing fetal monitor strips existed and had been in defendants' control, and defendants advanced no adequate explanation for their nonproduction (*see, Crespo v New York City Hous. Auth.*, 222 AD2d 300, 301). Nor did the trial court err in excluding proffered habit evidence to prove the absence of malpractice by one of the defendant physicians (*see, Glusaskas v John E. Hutchinson, III, M.D., P. C.*, 148 AD2d 203, 206). Finally, the record supports the amount of damages awarded, the jury verdict having been appropriately reduced by the trial court pursuant to stipulation.

We modify, on plaintiff's consent, only to eliminate a paragraph added to the proposed judgment imposing a higher interest rate on the individual defendant.

We have considered defendants-appellants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin and Williams, JJ.