■ JUDY MARTELLY, an Infant, by Her Father and Natural Guardian, LESLY MARTELLY, et al., Respondents-Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant-Respondent. [714 NYS2d 64] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered April 6, 1999, which awarded plaintiffs damages purportedly structured pursuant to CPLR article 50-A, unanimously modified, on the facts, to vacate the awards for future pain and suffering, future medical expenses and equipment, and future lost earnings and to order a new trial solely as to such items of damages unless plaintiffs stipulate, within 30 days of the date of this order, to accept a reduced verdict (prior to structuring pursuant to CPLR article 50-A) in the following amounts: future pain and suffering, $4,000,000; future medical expenses and equipment, $1,000,000; future lost earnings, $800,000; and entry to an amended judgment in accordance therewith; and said judgment further unanimously modified, on the law, to vacate the provisions thereof purporting to structure plaintiffs' recovery pursuant to CPLR article 50-A, and otherwise affirmed, without costs. The matter is remanded to Supreme Court for recalculation of plaintiffs' recovery in light of the decision of the Court of Appeals in *Bryant v New York City Health & Hosps. Corp.* (93 NY2d 592), and in light of this order, and for entry of an amended judgment not inconsistent herewith.

We affirm the judgment for plaintiffs in this medical malpractice action as to liability. Any error by the trial court in admitting evidence concerning the birth of the infant plaintiff's younger sister was remedied when the trial court gave the jury a curative instruction explaining that such matters were no longer in evidence and were to be entirely disregarded in the jury's deliberations. Since the curative instruction was precise, readily understood, and given at the first opportunity after the improper testimony had been heard, we presume that the jury understood and followed it (*see, People v Owens*, 214 AD2d 480, 481, *lv denied* 86 NY2d 799). The trial court properly gave a missing document charge regarding the fetal monitor strips, since plaintiffs adduced evidence that such documents existed

and had been in defendant's control, and defendant advanced no adequate explanation for their nonproduction (*Acevedo v New York City Health & Hosps. Corp.*, 251 AD2d 21, 22, *lv denied* 92 NY2d 808). The trial court also properly gave a missing witness charge regarding the resident, still in defendant's employ at the time of trial, who signed the note admitting the infant plaintiff's mother to the hospital, especially since plaintiffs contended that defendant's liability was predicated, in part, on the alleged negligence of this resident. Defendant's argument that plaintiffs failed to give timely notice of their intent to seek a missing witness charge was not raised before the trial court and is therefore unpreserved. Nor did the trial court commit reversible error in propounding to the jury a general interrogatory as to liability followed by six more specific interrogatories addressing particular theories of liability (*compare*, CPLR 4111 [c]), or in its instructions concerning the infant plaintiff's life expectancy.

We affirm the jury's award of damages, except to the extent indicated, noting the devastating nature of the infant plaintiff's injuries found by the jury to have been proximately caused by the negligence of defendant's staff in attending her birth. Among other disabilities, the infant plaintiff suffers from severe mental retardation, spastic cerebral palsy, microcephaly, and a seizure disorder. She can neither talk, walk, nor use her arms purposefully, and requires assistance to roll over and to sit straight. She is incontinent and totally dependent on other people to attend to all of her needs. However, we find the verdict as to future pain and suffering, future medical expenses and equipment, and future lost earnings deviates materially from what is reasonable compensation under the circumstances to the extent indicated. On the other hand, we note that defendant failed to refute plaintiffs' proof with respect to the amount of damages for future custodial expenses and future therapy services.

With regard to plaintiffs' cross appeal on the issue of the correct methodology for structuring the judgment pursuant to CPLR article 50-A, defendant concedes that, since judgment was entered in the trial court, the Court of Appeals has authoritatively resolved this issue in plaintiffs' favor in *Bryant v New York City Health & Hosps. Corp.* (*supra*). We therefore remand for recalculation of plaintiffs' recovery and for entry of an amended judgment in light of *Bryant* and as otherwise required by this order. Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.