DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied a motion for a mistrial in this medical malpractice case. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to the issue raised in this appeal. On March 25, 2002, appellants, James and Rosemary Carper, filed a complaint against appellee, Dr. Bethanne Snodgrass, a Toledo plastic surgeon, alleging medical malpractice in her treatment of James for a cancerous nasal lesion. Rosemary alleged a claim of loss of consortium. The case proceeded to trial on January 27, 2003. In her opening statement, after introducing herself and setting forth appellee's educational and professional background, appellee's counsel stated:
 {¶ 3} "She will testify that she manages skin cancers on a daily basis and has since she's been in practice. This is the only medical negligence case she has ever been named in."
 {¶ 4} Appellee's counsel proceeded to set forth what she believed the evidence would show as to the standard of care and appellee's treatment of James; James' subsequent treatment; the expected testimony of the expert witness for appellants; appellee's referral of James to a dermatologist and his treatment; appellants' request for a referral to another dermatologist and his treatment of James; the ultimate diagnosis of cancer; and the surgical procedure ultimately performed. At the conclusion of appellee's counsel's opening statement, the transcript indicates that counsel approached the bench for an unrecorded discussion after which the trial judge dismissed the jury for lunch. After the jury was dismissed, the following discussion occurred:
 {¶ 5} "The Court: Okay. We're out of the presence of the jury. For the record we have a couple of things to deal with.
 {¶ 6} "[Appellants' Counsel]: Yes. During the initial part of [appellee's counsel's] opening statement she said this is the first time that Defendant Bethanne Snodgrass, M.D., had ever been sued for malpractice. It's wholly inappropriate to talk about past conduct to try to prove that she was not responsible in this case. And so I have an objection as to that.
 {¶ 7} "And in terms of a remedy, I suppose that our objections are to move for a mistrial or ask for a limiting instruction.
 {¶ 8} "The Court: Well, the objection was not registered at the time when we might have done a limiting instruction immediately. So I'm going to deny the motion for mistrial, and I expect that if you wish to take it up in your closing remarks, you can do so.
 {¶ 9} "[Appellants' Counsel]: Could I have a motion in limine? There would be — would be no further inquiry of Dr. Snodgrass to whether she had been sued in the past for medical malpractice because I do think that it's inappropriate to use past conduct. We couldn't use it to prove she was negligent this time. So absent prior suits, it can't be used to show good conduct either."
 {¶ 10} The discussion continued with the trial court indicating that she would research the issue and then give a ruling. The transcript indicates that the proceedings were recessed. The trial court later granted appellants' motion in limine. The trial continued for a total of four days, and on January 30, 2003, the case was submitted to the jury. On January 31, 2003, the jury returned a defense verdict. Appellants filed a timely notice of appeal and set forth the following assignment of error:
 {¶ 11} "The trial court erred in denying the Carpers' Motion for a Mistrial."
 {¶ 12} In their assignment of error, appellants assert that the trial court erred in denying their motion for a mistrial. This court finds no merit in this assignment of error.
 {¶ 13} A mistrial should only be granted where the party seeking the same demonstrates that he or she suffered material prejudice so that a fair trial is no longer possible. State v. Franklin (1991),62 Ohio St.3d 118, 127. The decision whether to grant a mistrial is one addressed to the sound discretion of the trial court. Quellos v. Quellos
(1994), 96 Ohio App.3d 31, 41. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. A reviewing court may not substitute its judgment for that of the trial court absent an abuse of discretion. Id.
 {¶ 14} Trial counsel is given wide latitude in making oral arguments to the jury. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph two of the syllabus; Sheets v. Norfolk S. Corp. (1996),109 Ohio App.3d 278, 291. The determination of whether counsel's arguments constitute misconduct and, if so, whether such misconduct was sufficient to prejudice the jury against the complaining party and to warrant a new trial is left to the trial court's discretion. Pang,
53 Ohio St.3d, paragraph three of the syllabus; Star Bank Natl. Assn. v.Cirrocumulus Ltd. Partnership (1997), 121 Ohio App.3d 731, 744.[1]
When
 {¶ 15} making arguments to the jury, counsel may properly make the statement that certain evidence will be introduced, so long as it is made in good faith and with reasonable grounds to believe the evidence is admissible, even should that evidence later be excluded by the trial court. Cincinnati Ins. Co. v. Maytag Co. (1989), 63 Ohio App.3d 144,147.[2] Counsel may not make statements in argument which are obviously erroneous, misleading, or not supported by any evidence. Drake v.Caterpillar Tractor Co. (1984), 15 Ohio St.3d 346, 347-348. Persistent abuse by counsel during arguments may be proper grounds for a new trial.Dillon v. Bundy (1991), 72 Ohio App.3d 767, 772. In evaluating challenged opening statements, the Eighth Appellate District has stated that "Only if the circumstances are of such reprehensible and heinous nature as to constitute prejudice will this court reverse a judgment." Hunt v.Crossroads Psychiatric Psychological Center (Dec. 6, 2001), 8th
App. No. 79120, appeal denied, 95 Ohio St.3d 1458 (2002).
 {¶ 16} Before a reviewing court may reverse the trial court in its decision denying a mistrial, the record must clearly demonstrate that counsel's arguments were highly improper and tended to inflame the jury.Lance v. Leohr (1983), 9 Ohio App.3d 297, 298. A challenged argument must be viewed in its entirety when determining if it was improper. Cook v.Akron Gen. Med. Ctr. (1993), 86 Ohio App.3d 196, 198. Counsel's statements must also be viewed in light of the evidence presented at trial, and whether such evidence supports the jury's verdict. Dillon,72 Ohio App.3d at 773.
 {¶ 17} In support of their argument that the reference in the opening argument as to appellee's lack of prior malpractice actions was improper, appellants, acknowledging that there are no Ohio cases on point, cite cases from other jurisdictions. However, this court finds each of the cases distinguishable from the case sub judice.[3]
 {¶ 18} Additionally, in Maggio v. Cleveland (1949),151 Ohio St. 136, 141, the Ohio Supreme Court noted that if the attorney had made "even a cursory investigation," he would have found that the testimony to which he referred in his opening statement was objectionable and inadmissible. In paragraph two of the syllabus, the court held:
 {¶ 19} "Counsel should be accorded latitude by the trial court in making his opening statement, but when he deliberately attempts to influence and sway the jury by a recital of matters foreign to the case,which matters he knows or ought to know cannot be shown by competent or admissible evidence, or when he makes a statement through accident, inadvertence or misconception which is improper and patently harmful to the opposing side, it may constitute the basis for ordering a new trial or for the reversal by a reviewing court of a judgment favorable to the party represented by such counsel. (Emphasis added.)"
 {¶ 20} In contrast, in the case sub judice, the fact that there are no Ohio cases on point demonstrates that the inadmissibility of the evidence referred to by appellee's counsel in her opening statement was not clearly established.
 {¶ 21} Furthermore, when the jury is given multiple instructions that counsel's arguments are not evidence, an appellate court must presume that the jury followed these instructions. Pang, 53 Ohio St.3d, paragraph four of the syllabus. ("A presumption always exists that the jury has followed the instructions given to it by the trial court.") In the case sub judice, before opening statements, the jury was given the following instruction:
 {¶ 22} "As you heard, the attorneys are going to have active roles in the trial. But remember, what the attorneys tell you is not evidence.
 {¶ 23} "The evidence is going to come from the witness stand and from any exhibits which is entered into — which are entered into evidence.
 {¶ 24} "* * *
 {¶ 25} "What the attorneys say is not evidence. It's designed to help you as you consider the evidence. That's why they have the opportunity to give you opening statements. They finally argue the case at the end of trial. But their questions are not evidence. * * *"
 {¶ 26} Additionally, the trial court gave the following instructions to the jury prior to their deliberations:
 {¶ 27} "Remember that evidence is all testimony received from the witnesses including depositions, exhibits admitted during the trial, and any facts agreed to or stipulated to by counsel. * * *
 {¶ 28} "* * *
 {¶ 29} "Evidence doesn't include statements of counsel made during the trial.
 {¶ 30} "The opening and closing arguments were designed to assist you but are not evidence. * * *"
 {¶ 31} Although appellants argue on appeal that defense counsel's statement in her opening argument was patently harmful and unduly prejudicial to them, there is nothing to rebut the presumption that the jury followed the instructions of the trial court with regard to arguments of counsel. This court is hampered in its review of appellants' assignment of error because the entire record was not submitted to this court. It is well settled that a reviewing court must have a record from which it can determine that the conduct was prejudicial to the losing party.[4] Thus, upon the record submitted, this court can not find that the trial court abused its discretion in denying appellants' motion for a mistrial.
 {¶ 32} Accordingly, appellants' assignment of error is found not well-taken.
 {¶ 33} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Mark L. Pietrykowski, J. Judge, concur.
[1] See, also, Wigglesworth v. St. Joseph Riverside Hosp. (2001),143 Ohio App.3d 143, 149, in which the appellate court, after noting the trial court's discretion in this issue, found that while defense counsel's comment in the closing argument was clearly misconduct, it was not sufficient to taint jury's verdict when the plaintiff's immediate objection was sustained and jury instructed to disregard the statement.
[2] See, also, In Re Appropriation of Easement for Highway Purposes (1962), 118 Ohio App. 207, 211.
[3] {¶ a} For example, in Glusaskas v. Hutchinson (N.Y.App. 1989), 148 A.D.2d 203, 205-06, the appellate court found that the admission of a videotape prepared by the defendant doctor 2 or 3 weeks before the trial and the doctor's accompanying testimony was improper. The court found that the videotape was inappropriate as a self-serving device to disprove the doctor's negligence in an entirely different surgery. Id. at 209.
{¶ b} In Acevedo v. New York Health and Hosps. Corp. (N.Y.App. 1998), 251 A.D.2d 21, the appellate court, citing Glusaskas, supra, affirmed without any discussion the trial court's exclusion of proffered habit evidence to prove the absence of malpractice by one of the defendant doctors.
{¶ c} In Persichini v. William Beaumont Hosp. (Mich.App. 1999),607 N.W.2d 100, 105-106, during cross-examination of the defendant doctor, plaintiff's counsel asked if the doctor had previously been a defendant in multiple other medical malpractice cases. Noting that prior Michigan Supreme Court cases had held that evidence of prior malpractice actions against a witness is not relevant to the witness' competency or knowledge, the appellate court affirmed the trial court's grant of a mistrial as the question was improper. Id. at 106.
{¶ d} In Lai v. Sagle (Md. 2003), 818 A.2d 237, 240, following a bench conference during which the trial court stated it would deal later with the issue of testimony regarding the defendant doctor's prior malpractice actions, plaintiff's counsel in opening statement mentioned that the defendant doctor had been sued five times for malpractice in another state. The appellate court found that the trial court abused its discretion when it denied a motion for mistrial.
{¶ e} In Williams v. Naidu (Ga.App. 1983), 309 S.E.2d 686, the appellate court found improper the trial court's admission of testimony of both defendant doctors that they had never before been sued. The appellate court based its decision, in part, upon a Georgia code provision that provided that "the general character of the parties, and especially their conduct in other transactions, are irrelevant matter" and, in part, upon a prior case which held that "It is a general rule that in a suit for negligence, evidence of similar acts or omissions on other and different occasions is not admissible." Id. at 686.
[4] {¶ a} See, Warder, Bushnell Glessner Co. v. Jacobs
(1898), 58 Ohio St. 77, syllabus:
{¶ b} "1. It is an established rule of reviewing courts that the error, for which a judgment may be reversed, must affirmatively appear on the face of the record.
{¶ c} "2. Where a record shows that improper remarks were made in his argument to the jury by the attorney of the prevailing party, but does not show whether the court reproved the attorney or directed the jury to disregard the remarks; nor is the evidence presented to the courtfor review, in such case, a reviewing court is not warranted in reversing the judgment entered upon the verdict, however improper the remarks may have been. The presumption in such case is, that the court performed its duty and that the evidence sustained the verdict." (Emphasis added.)
{¶ d} See, also, Maggio, supra, 151 Ohio St. 136, paragraph five of the syllabus; Book v. Erskine Sons, Inc. (1951), 154 Ohio St. 391,399; Eller v. Wendy's Internatl., Inc. (2000), 142 Ohio App.3d 321, 333
(upon an assessment of the entirety of the evidence presented in the case, the appellate court found it highly unlikely that plaintiff suffered undue prejudice as a result of defense counsel's improper remarks during opening argument.).