■ CYNTHIA GRIFFIN, Appellant, v CITY OF NEW YORK et al., Respondents. [889 NYS2d 170]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J., and a jury), entered March 31, 2008, in favor of defendants and against plaintiff in an action against the City and a police detective arising out plaintiff's arrest, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered March 4, 2008, which denied plaintiff's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Based on defendant detective's testimony that he arrested plaintiff because she swallowed what he and his partner believed were drugs, the trial court properly submitted to the jury the issue of whether the strip searches of plaintiff were supported by reasonable suspicion that plaintiff was concealing contraband (*see Weber v Dell*, 804 F2d 796, 802 [2d Cir 1986], *cert denied sub nom. County of Monroe v Weber*, 483 US 1020 [1987]). The court's initial expression of uncertainty in charging the burden of proof on reasonable suspicion was harmless, as the court, in the end, correctly and clearly charged that defendants bore the burden. Any error in not charging the jury on plaintiff's claim for assault and battery based on the detective's touching of plaintiff during an illegal arrest (*see Johnson v Suffolk County Police Dept.*, 245 AD2d 340 [1997]; *Rubio v County of Suffolk*, 2007 WL 2993830, *4, 2007 US Dist LEXIS 75343, *13 [ED NY 2007]) was rendered harmless by the jury's express finding that

probable cause existed for the arrest. The court properly denied plaintiff's request to charge the jury on defendant City's alleged negligent retention and supervision of the detective, and properly precluded evidence relating to this claim, as the City had already stipulated that it was responsible for the detective's actions (*see Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]). Nor was such evidence admissible in connection with plaintiff's claim for negligent hiring and training under 42 USC § 1983 where plaintiff's evidence did not relate to any city policy or practice but to the detective's alleged prior bad acts purportedly showing a propensity for violence (*cf. Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 293-294 [2003]). The court properly permitted the defense, during plaintiff's summation, to read a question and answer from the detective's deposition that were read by plaintiff's attorney during the trial, in order to correct the latter's misleading reading of only part of the questions and answers in his summation (*cf. People v De Los Angeles*, 270 AD2d 196, 199 [2000], *lv denied* 95 NY2d 891 [2000]). The court properly denied plaintiff's motion for a missing documents charge regarding the detective's daily activity report from the night of plaintiff's arrest, where plaintiff failed to demonstrate that the document still existed and was under defendants' control (*see Manne v Museum of Modern Art*, 39 AD3d 368 [2007]); we would add that the detective gave a reasonable explanation as to why he was unable to locate this document (*see Acevedo v New York City Health & Hosps. Corp.*, 251 AD2d 21, 22 [1998], *lv denied* 92 NY2d 808 [1998]). Certain comments by the court, most of which are misinterpreted by plaintiff, did not deprive plaintiff of a fair trial, and, to the extent the jury may have misinterpreted them, the court gave proper curative instructions. Concur—Tom, J.P., Friedman, Moskowitz and Abdus-Saalam, JJ.