■ ANTHONY SCHIANO, Respondent, v MIJUL, INC., et al., Appellants. [16 NYS3d 742]—In an action to recover damages for personal injuries, the defendant Mijul, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered June 18, 2014, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 for the imposition of sanctions to the extent of directing that an adverse inference charge pertaining to the documents requested in items three and four of the plaintiff's October 28, 2013, discovery demand be given at trial against it, and the defendants McDonalds and McDonalds Corporation separately appeal from the same order.

Ordered that the appeal by the defendants McDonalds and McDonalds Corporation is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Mijul, Inc.; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Mijul, Inc.

The nature and degree of the sanction to be imposed pursuant to CPLR 3126 is within the broad discretion of the motion court (*see Wolf v Flowers*, 122 AD3d 728, 728 [2014]; *Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 814 [2012]). Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 for the imposition of sanctions to the extent of directing that an adverse inference charge pertaining to the documents requested in items three and four of the plaintiff's October 28, 2013 discovery demand be given at trial against the defendant Mijul, Inc. (hereinafter Mijul) (*see Rodman v Ardsley Radiology, P.C.*, 103 AD3d 871 [2013]; *Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 896 [2009]). The plaintiff made a prima facie showing that the documents in question exist or existed and were under Mijul's control, and that there was no reasonable explanation for their nonproduction (*see Jean-Pierre v Touro Coll.*, 40 AD3d 819, 820 [2007]; NY PJI 1:77, Comment).

Mijul's remaining contentions are not properly before this Court, are without merit, or do not warrant reversal. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.