■ John A. Liburd, Sr., et al., Appellants, v St. Joseph's Medical Center et al., Respondents. [40 NYS3d 110]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 24, 2013, which, to the extent appealed from, granted the portions of defendants' motions for summary judgment that sought dismissal of all claims against defendant Nardo San Diego, M.D., the claim that defendants Empress

Ambulance Service, Inc. and Edward Steinkraus were negligent in transporting decedent to St. Joseph's Medical Center, rather than to Montefiore Medical Center, and the claim that defendants St. Joseph's and Michael Guttenberg, M.D. were negligent in failing to redirect the ambulance to Montefiore, and denied plaintiffs' cross motion for an order striking the answers of St. Joseph's, San Diego, and Guttenberg, unanimously affirmed, without costs.

Plaintiffs are the parents of a 17-year-old boy who died of heart failure after suffering cardiac arrest while playing basketball in Yonkers, and being transported by an ambulance to St. Joseph's Medical Center, the nearest hospital.

Defendants Empress Ambulance Service, Inc. and Steinkraus demonstrated prima facie that they acted in conformance with applicable Westchester Regional Paramedic Protocols, which require that a patient be transferred to the closest "appropriate" hospital. It is undisputed that St. Joseph's was the closest hospital, and defendants submitted evidence demonstrating that St. Joseph's was also an appropriate hospital for cardiac patients, even if (unlike Montefiore) it was not a tertiary care center. Plaintiffs failed to raise any triable issues of fact in response. Plaintiffs' cardiology expert's opinion was conclusory and failed to address the Westchester Protocols (*see Foster-Sturrup v Long*, 95 AD3d 726, 728 [1st Dept 2012]). Plaintiffs' emergency medicine expert did not opine that St. Joseph's was inappropriate, but only that a tertiary care center would have been "preferabl[e]."

The motion court likewise properly dismissed the claims against defendants St. Joseph's, San Diego, and Guttenberg that were based on the allegation that they departed from accepted medical practice by failing to redirect the decedent to Montefiore. These defendants met their burden of showing that, even had they received information concerning decedent's condition before he arrived, they were not obligated under the Westchester Protocols to redirect the ambulance. Plaintiffs failed to raise any triable issues of fact in response.

The motion court properly dismissed all claims against defendant San Diego, since the evidence demonstrated that he did not participate in the decedent's treatment, even in a supervisory capacity.

Finally, the motion court properly denied plaintiffs' cross motion to strike the answer. Plaintiffs failed to demonstrate that the allegedly spoliated X ray was ever taken (*see Schiano v Mijul, Inc.*, 131 AD3d 1157, 1157 [2d Dept 2015]; *Griffin v City of New York*, 67 AD3d 550, 551 [1st Dept 2009]). Even if such

an X ray did exist, plaintiffs failed to establish that it represented a "key piece of evidence" (*Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1st Dept 1997] [internal quotation marks omitted]), especially in light of defendants' expert's opinion that it would not "have added any useful diagnostic information." Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.